UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAZMIN PREYOR, <br><br> Plaintiff, <br><br> vs. <br><br> YES ONLINE, INC. d/b/a Dynamic Legal Recovery; and DOES 1 through 10, inclusive, <br><br> Defendant. | Civil Case No.: <br><br> **CIVIL ACTION** <br><br> **COMPLAINT** <br> **AND** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff Jazmin Preyor ("Plaintiff") alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.  Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant YES ONLINE, INC. d/b/a Dynamic Legal Recovery ("Defendant") for its violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 (hereinafter "FDCPA"), Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"), and the Servicemembers Civil Relief Act, 50 U.S.C. §3900 ("SCRA").

## JURISDICTION & VENUE

2.  The Court has jurisdiction of this matter under *28 U.S.C. § 1331* because Plaintiff brings a case under federal law, in particular the FCRA, FDCPA, and SCRA.

3.  Venue is proper in this district under *28 U.S.C. § 1391(b)* because Plaintiff resides in this district and Defendant conducts business in this district, and the communications giving rise to this action occurred in this district.

## PARTIES

4.  Plaintiff, Jazmin Preyor ("Plaintiff"), is a resident of New York and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and, at all relevant times, a "servicemember" as that term is defined by 50 U.S.C. §3911(1).

1

5.      Defendant, YES ONLINE, INC. d/b/a Dynamic Legal Recovery ("Defendant") is a California corporation engaged in the practice of collecting debts owed to another and is a "debt collector," as defined under the FDCPA.

6.      The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.      Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8.      On or about 2010, Plaintiff was deployed on active duty with the U.S. military in Germany and was acting as a servicemember.

9.      Plaintiff obtained a contract with Telekom Deustchland GmbH, the German provider of T-Mobile, to provide cellular telephone services while on deployment.

10.     On or about 2013, Plaintiff's deployment in Germany ended.

11.     Plaintiff informed the phone provider she was leaving and terminated her agreement as Telekom Deustchland GmbH did not provide cellular service in the United States where she was returning to as her deployment in Germany ended.

12.     Unbeknownst to Plaintiff and despite her cancellation of her contract, Telekom Deustchland GmbH instead continued to charge Plaintiff and accrue fees on her account.

13.     On or about December 10, 2020, Defendant emailed Plaintiff seeking to collect on

2

an alleged balance of $2,610.67, consisting of $1,261.98 in principal, $1,348.69 in interest (at 16% per year), and with a last charge date of April 8, 2014.

14. The debt is unowed because Plaintiff properly canceled her contract in 2013.

15. Further, under the SCRA, Defendant is seeking to collect on an interest rate that exceeds the permissible 6% interest allowed under SCRA. Further, SCRA specifically provides for the cancellation of telecommunication contracts in situations such as this in which a servicemember is entering or leaving active service.

16. Defendant additionally threatened to report and did report the derogatory information on Plaintiff's credit report.

17. Within two years prior to the filing of the Complaint, Defendant reported inaccurate and derogatory information on Plaintiff's credit report.

18. Within two years prior to the filing of the Complaint, Plaintiff submitted a dispute to the credit reporting agencies pertaining to the erroneous reporting and requesting Defendant correct it, but Defendant has failed to do so.

19. Additionally, Defendant continued to report derogatory information on Plaintiff's credit report.

20. Such reporting or furnishing of consumer information is derogatory as well as false, misleading, or incomplete.

21. Such reporting or furnishing has had a negative effect on Plaintiff's credit score.

22. Defendant is aware that the third parties to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

23. As a result of Defendant's inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased. Plaintiff was and/or will be denied future loans due to the derogatory items placed by Defendant on Plaintiff's credit report.

24. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit

worthiness.

25.  The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

26.  Plaintiff has been damaged, and continues to be damaged, in the following ways:

27.  Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and

> i.  Decreased credit score which may result in inability to obtain credit on future attempts.
>
> ii.  Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report.

28.  At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

29.  At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

30.  Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

31.  Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

> i.  Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

          ii.  Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

32.     As a result of the above violations of the FCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

33.     Defendant's conduct violated the FDCPA and RFDCPA in multiple ways, including but not limited to:

          i.  Falsely representing the character, amount, or legal status of Plaintiff's debt (15 U.S.C. § 1692e(2)(A));

          ii.  Communicating or threatening to communicate credit information which is known or which should be known to be false (15 U.S.C. § 1692e(8));

          iii.  Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (15 U.S.C. § 1692e(10));

          iv.  Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (15 U.S.C. § 1692f);

          v.  Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (15 U.S.C. § 1692f(1)); and

          vi.  Collecting an amount from Plaintiff that is not permitted by law (15 U.S.C. § 1692f(1)).

34.     As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

35.     Defendant's conduct violated the SCRA in multiple ways, including but not limited to:

          i.  Creating an obligation or liability for a servicemember that charged in

excess of 6% interest as prohibited by 50 U.S. Code § 3937(a);

ii.   Failing to terminate a contract at a servicemembers request as required by 50 U.S. Code § 3956.

36.   As a result of the above violations of the SCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages and costs and attorney's fees.

## COUNT I: VIOLATION OF FEDERAL
## FAIR DEBT COLLECTION PRACTICES ACT

37.   Plaintiff reincorporates by reference all of the preceding paragraphs.

38.   To the extent that Defendant's actions alleged with specificity herein violated the FDCPA, those actions were done knowingly and willfully.

## COUNT III: VIOLATION OF THE FAIR CREDIT REPORTING ACT

39.   Plaintiff reincorporates by reference all of the preceding paragraphs.

40.   To the extent that Defendant's actions alleged with specificity herein violated the FCRA, those actions were done knowingly and willfully.

## COUNT IV: VIOLATION OF THE SERVICEMEMBERS CIVIL RELIEF ACT

41.   Plaintiff reincorporates by reference all of the preceding paragraphs.

42.   To the extent that Defendant's actions alleged with specificity herein violated the SCRA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

a.   Actual damages;

b.   Statutory damages for willful and negligent violations;

c.   Costs and reasonable attorney's fees;

d.   For such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
      January 18, 2021

                                **KAZEROUNI LAW GROUP, APC**

                By:

                                Ross Schmierer, Esq.
                                275 Seventh Avenue
                                7th Floor
                                New York, NY 10001
                                Phone: (800) 400-6808
                                Fax: (800) 520-5523
                                ross@kazlg.com

                **LAW OFFICES OF TODD M. FRIEDMAN, PC**
                                Thomas Wheeler, Esq.
                                  (*Pro hac Vice* Application Forthcoming)
                                21550 Oxnard St., Suite 780
                                Woodland Hills, CA 91367

                *Attorneys for Plaintiff*